UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DANIEL G. THRASHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:14-cv-00009-RLY-DML |
| | ) | |
| STONE PIG INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTIONS IN LIMINE**

A jury trial in this case is scheduled to begin on February 2, 2016. Plaintiff, Daniel G. Thrasher, filed a motion in limine with twenty-three subparts regarding evidence that may be used or testimony that may be solicited at trial. Defendant, Stone Pig Inc., filed a motion in limine with nine subparts.[1] Plaintiff's Motion in Limine (Filing No. 41) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Plaintiff's Motion in Limine 1 seeks to exclude evidence that he had health insurance at the time of the incident. Defendant does not object. Therefore, Plaintiff's Motion in Limine 1 (Filing No. 41) is **GRANTED**.

2. Plaintiff's Motion in Limine 2 seeks to exclude evidence that Nikki Smith sold the Stone Pig restaurant in November 2014. Defendant does not object. Therefore, Plaintiff's Motion in Limine 2 (Filing No. 41) is **GRANTED**.

---

[1] For simplicity, the court refers to each subpart of the two motions in limine as separate motions (e.g., Subpart 1 of Plaintiff's Motion in Limine is referred to as Plaintiff's Motion in Limine 1).

3. Plaintiff's Motion in Limine 3 seeks to exclude evidence that he and/or his wife, Cheryl Thrasher, filed bankruptcy.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 3 (Filing No. 41) is **GRANTED**.

4. Plaintiff's Motion in Limine 4 seeks to exclude evidence that he and/or Mrs. Thrasher lost their home due to foreclosure.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 4 (Filing No. 41) is **GRANTED**.

5. Plaintiff's Motion in Limine 5 seeks to exclude evidence that there were no prior falls down the steps at issue.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 5 (Filing No. 41) is **GRANTED**.

6. Plaintiff's Motion in Limine 6 seeks to exclude lay opinion testimony that Plaintiff did not have "any business" walking down the steps at issue.  Defendant objects, arguing that it should be permitted to elicit this testimony from Kyle Morris because: (1) he was an employee of Defendant at the time of the incident; (2) he is very familiar with the setup of the restaurant, including the signs posted on the doors; (3) he was working on the date of the accident; and (4) he had interactions with Plaintiff.  The court finds that Mr. Morris' testimony is proper lay opinion testimony under Federal Rule of Evidence 701.  Therefore, Plaintiff's Motion in Limine 6 (Filing No. 41) is **DENIED**.

7. Plaintiff's Motion in Limine 7 seeks to exclude evidence that he had low back pain prior to this incident.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 7 (Filing No. 41) is **GRANTED**.

8. Plaintiff's Motion in Limine 8 seeks to exclude evidence that he hired individuals to help him remodel his house.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 8 (Filing No. 41) is **GRANTED**.

9. Plaintiff's Motion in Limine 9 seeks to exclude photographs that allegedly do not depict the actual lighting conditions inside the back of the restaurant on May 12, 2012.  Defendant objects.  This argument goes to the weight that the jury will assign to the photographs, not their admissibility.  Therefore, Plaintiff's Motion in Limine 9 (Filing No. 41) is **DENIED**.

10. Plaintiff's Motion in Limine 10 seeks to exclude any statements by Plaintiff that this incident was his fault.  Defendant states that it will move to admit a portion of Mr. Morris' deposition where he testified, without objection, that Plaintiff stated the fall was his own fault.  The statement is admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2)(A).  Therefore, Plaintiff's Motion in Limine 10 (Filing No. 41) is **DENIED**.

11. Plaintiff's Motion in Limine 11 seeks to exclude any inspections of the Stone Pig restaurant prior to the restaurant's opening.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 11 (Filing No. 41) is **GRANTED**.

12. Plaintiff's Motion in Limine 12 seeks to exclude evidence that Plaintiff did not get a second opinion after Dr. Patel's medical diagnoses.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 12 (Filing No. 41) is **GRANTED**.

13. Plaintiff's Motion in Limine 13 seeks to exclude James Wood, an expert in occupational workplace safety, from testifying pursuant to Fed. R. Evid. 702.  In the

landmark case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held

that a "trial judge must ensure that any and all scientific testimony or evidence admitted

is not only relevant, but reliable." 509 U.S. 579, 589 (1993). The Court subsequently

concluded, "*Daubert*'s general holding -- setting forth the trial judge's general

'gatekeeping' obligation -- applies not only to testimony based on 'scientific' knowledge,

but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho*

*Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Thus, Mr. Wood's testimony must be

excluded unless the court determines it would be both relevant and reliable. Plaintiff

makes no argument regarding relevancy. Rather, Plaintiff only challenges whether Mr.

Wood is a reliable expert.

> Regarding the reliability prong, the *Kumho Tire* Court explained,

> We also conclude that a trial court may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

*Id.* at 141-42. *See Estate of Borgwald v. Old Nat'l Bank*, 12 N.E.3d 252, 257 (Ind. Ct.

App. 2014) (concluding that when "an expert's testimony is based upon the expert's skill

or experience rather than on the application of scientific principles," the party offering

that expert "must only demonstrate that the subject matter is related to some field beyond

the knowledge of lay persons and that the witness possesses sufficient skill, knowledge or

experience in the field to assist the trier of fact"). Plaintiff emphasizes that Mr. Wood

offers "no methodology, no theory, [and] no peer review" in his report, but the court finds

that the *Daubert* factors–"testing, peer review, error rates, and 'acceptability' in the

relevant scientific community," *Kumho Tire*, 526 U.S. at 141–are not helpful in

determining Mr. Wood's reliability.  Mr. Wood's area of expertise, occupational

workplace safety, is not the type of field that is suitable for peer review and testing.

Furthermore, Defendant demonstrates that Mr. Wood: (1) earned a degree in Safety

Management from Indiana State University; (2) participated in the DuPont Safety

Training Observation Program, which included supervision of potential hazards in the

workplace; (3) has been a safety consultant in his present occupation since 2011; and (4)

is competent in the application of Occupational Safety and Health Administration

("OSHA") regulations and building code standards.  The court is satisfied that Mr. Wood

meets the standards outlined in *Daubert* and *Estate of Borgwald*.  Plaintiff may cross-

examine Mr. Wood as to any alleged deficiency in his experience.

    As an argument in the alternative, Plaintiff requests an order limiting Mr. Wood to

the four conclusions offered in his May 12, 2015 report.  Of course, Mr. Wood may not

testify outside the scope of his report.  Therefore, Plaintiff's Motion in Limine 13 (Filing

No. 41) is **GRANTED IN PART**.

    14. Plaintiff's Motion in Limine 14 seeks to exclude any argument that he failed to

mitigate his damages pursuant to *Willis v. Westerfield*, 839 N.E.2d 1179 (Ind. 2006).  In

*Willis*, the Indiana Supreme Court held that the affirmative defense of failure to mitigate

damages has two elements:

> First, the defendant must prove that the plaintiff failed to exercise reasonable care to mitigate his or her post-injury damages. Second, the defendant must prove that the plaintiff's failure to exercise reasonable care caused the plaintiff to suffer an identifiable item of harm not attributable to the defendant's negligent conduct.

*Id.* at 1188. A defendant must establish both elements by a preponderance of the evidence before the court may issue an instruction on this topic. *Id.* Plaintiff argues that Defendant cannot satisfy the second element for two reasons: (1) it does not have a medical expert; and (2) there is no evidence that Plaintiff sustained an "identifiable quantifiable additional injury."

First, Plaintiff emphasizes that Defendant does not have a medical expert to testify on the causation element. However, the *Willis* court made clear that an expert is not always required: "[W]e do not believe that the causation analysis with respect to failure to mitigate damages defense always requires expert medical testimony." *Id.* The court concluded that the issue "must be resolved on a case-by-case basis." *Id.* at 1189. That notwithstanding, Defendant plans to establish causation through cross-examination of Plaintiff's treating physician, Dr. Priyesh Patel. *See id.* ("[E]vidence [of causation] may be elicited by cross-examination of the plaintiff's expert or by offering expert testimony for the defense. If it is in evidence, it is irrelevant who placed it there.").

Second, Plaintiff claims Defendant cannot prove he suffered an "identifiable quantifiable additional injury" as a result of his failure to exercise reasonable care. The court disagrees. Defendant directs the court to a passage from Dr. Patel's deposition where Dr. Patel admits Plaintiff aggravated his injury in July 2013 when he played golf and worked under his vehicle. Defendant then demonstrates the injury is a "discrete,

identifiable harm" that is "quantifiable," *id.* at 1188, by quoting the following exchange

from Dr. Patel's deposition:

> Q: And as a result of that aggravation of July of 2013, you sent him for
> additional physical therapy, correct?
>
> A: Correct.
>
> Q: He likely wouldn't have needed that additional therapy if he didn't
> reaggravate his shoulder?  Would that be a fair statement?
>
> A: Um, yes and no.
>
> Q: Why yes and no, Doctor?
>
> A: Um, then he wouldn't be living life and he wouldn't have aggravated the
> shoulder.  And so I expect that in certain activities, it may activate his
> underlying injury and cause discomfort.

Despite Dr. Patel's hedging, this passage suggests that Plaintiff needed additional

physical therapy because he aggravated his shoulder injury.  Defendant can quantify the

injury by multiplying the number of physical therapy sessions ordered by Dr. Patel after

this examination by the cost of each session.  Therefore, Plaintiff's Motion in Limine 14

(Filing No. 41) is **DENIED**.

15. Plaintiff's Motion in Limine 15 seeks to exclude any suggestion that "open and

obvious" is a defense in this case.  *See Bridgewater v. Econ. Eng'g Co.*, 486 N.E.2d 484,

489 (Ind. 1985) ("[T]he open and obvious danger test was derived from a line of products

liability cases and should not be applied to the slip and fall situation.").  Defendant

acknowledges the rule from *Bridgewater*, but argues that, because it has advanced a

defense of comparative fault, it should be able to use the word "obvious" when

discussing the risk of a customer opening the door and falling down the stairs.  The court

agrees.  Therefore, Plaintiff's Motion in Limine 15 (Filing No. 41) is **GRANTED IN PART**.

16. Plaintiff's Motion in Limine 16 seeks to exclude evidence that he may be entitled to receive future medical benefits from a collateral source.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 16 (Filing No. 41) is **GRANTED**.

17. Plaintiff's Motion in Limine 17 seeks to exclude any reference to the time or circumstances under which he hired his attorney.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 17 (Filing No. 41) is **GRANTED**.

18. Plaintiff's Motion in Limine 18 seeks to exclude evidence of settlement or compromise negotiations.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 18 (Filing No. 41) is **GRANTED**.

19. Plaintiff's Motion in Limine 19 seeks to exclude evidence that any judgment might cause financial harm to Defendant.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 19 (Filing No. 41) is **GRANTED**.

20. Plaintiff's Motion in Limine 20 seeks to exclude evidence that any recovery he receives for bodily injuries is not subject to any state or federal income taxes.  Defendant does not object.  Therefore, Plaintiff's Motion in Limine 20 (Filing No. 41) is **GRANTED**.

21. Plaintiff's Motion in Limine 21 seeks to exclude comments that this lawsuit is a "litigation lottery," a "get-rich-quick scheme," "legal welfare," or anything similar. Defendant does not object.  Therefore, Plaintiff's Motion in Limine 21 (Filing No. 41) is **GRANTED**.

8

22. Plaintiff's Motion in Limine 22 seeks to exclude any argument by Defendant that is not based on the evidence admitted by the court.  Defendant does not object. Therefore, Plaintiff's Motion in Limine 22 (Filing No. 41) is **GRANTED**.

23. Plaintiff's Motion in Limine 23 seeks to exclude testimony or evidence not previously disclosed by Defendant and requested by Plaintiff.  Defendant does not object. Therefore, Plaintiff's Motion in Limine 23 (Filing No. 41) is **GRANTED**.

Defendant's Motion in Limine (Filing No. 34) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant's Motion in Limine 1 seeks to exclude evidence that it is covered by an insurance policy issued by Society Insurance Group.  Pursuant to Federal Rule of Evidence 411, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." However, "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."  *Id.*  Plaintiff states he does not intend to "inject insurance into the evidence phase of the case," but he does object to the extent that Defendant seeks to preclude him from inquiring in voir dire as to any financial interest the prospective jurors have in Society Insurance Group.  The Indiana Supreme Court has made clear that questions on that topic are permissible:

> [P]laintiff's counsel asked the prospective jurors whether they worked for ProAssurance Insurance Company or owned stock in that company.  There was no objection from defendants' counsel *as this question was not inappropriate*. . . .  [W]e would note that "a question regarding a juror's relationship, financial or otherwise, with a specific insurance company on voir dire examination is not error if the question is asked in good faith."

*Wisner v. Laney*, 984 N.E.2d 1201, 1208-09 (Ind. 2012) (quoting *Stone v. Stakes*, 749 N.E.2d 1277, 1281 (Ind. Ct. App. 2001)) (emphasis added).  Accordingly, Plaintiff is precluded from introducing evidence of insurance in order to suggest that Defendant was negligent in this case.  However, Plaintiff may inquire about any relationship, financial or otherwise, jurors have with Society Insurance Group.  Therefore, Defendant's Motion in Limine 1 (Filing No. 34) is **GRANTED IN PART**.

2. Defendant's Motion in Limine 2 seeks to exclude evidence concerning prior or subsequent incidents at the Stone Pig restaurant.  Plaintiff does not object.  Therefore, Defendant's Motion in Limine 2 (Filing No. 34) is **GRANTED**.

3. Defendant's Motion in Limine 3 seeks to bar Plaintiff from testifying about the diagnosis, prognosis, medical treatment, and causation of his injuries.  However, as Plaintiff notes, Indiana law provides, "When an injury is objective in nature, the plaintiff is competent to testify as to the injury and such testimony may be sufficient for the jury to render a verdict without expert medical testimony."  *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994) (*quoted in Mr. Bults, Inc. v. Orlando*, 990 N.E.2d 1, 5 (Ind. Ct. App. 2013)).  Defendant acknowledges this rule in its brief, but fails to offer any analysis on how the rule applies here.  In other words, Defendant seems to simply assume that Plaintiff's injuries are subjective.  Plaintiff contends just the opposite–that his injuries are objective.  With no argument from Defendant on this point, the court finds that Plaintiff can testify regarding his injury pursuant to *Daub*.  Therefore, Defendant's Motion in Limine 3 (Filing No. 34) is **DENIED**.

4. Defendant's Motion in Limine 4 seeks to exclude testimony regarding future medical treatment, the proposed cost of same, future lost income, or claims of loss of earning capacity based on a lack of evidence.  Plaintiff offers only a partial objection, arguing that he should be able to elicit testimony regarding future physical therapy sessions.  Defendant highlights portions of Dr. Patel's deposition testimony wherein Dr. Patel plainly admits that it is "speculative" as to whether Plaintiff will require any further treatment.  Dr. Patel's deposition also provides the following exchange:

> Plaintiff's Attorney: When physical therapy is warranted for Mr. Thrasher down the road, would you recommend that it be for a similar duration as you have ordered in the past?  Six to eight weeks?
>
> Dr. Patel: Typically.
>
> Plaintiff's Attorney: And do you have an opinion in terms of how often this physical therapy reasonably will need -- Mr. Thrasher will need to go through?  For example, once a year consistent with what's happened in the past or –
>
> Dr. Patel: I don't know.  It's hard to know just depending on what causes his symptoms to be aggravated and to deal with it when they do, the symptoms flare up.

It is axiomatic that a jury can only render a verdict that is supported by evidence in the record.  Indeed, Indiana Pattern Jury Instruction 701 explicitly states, "Base your decision on the evidence and not on guess or speculation."  Here, there is insufficient evidence from Dr. Patel, Plaintiff's only medical expert, that Plaintiff will need future medical treatment.  The jury would be left to guess as to how many additional physical therapy sessions Plaintiff might need, if any.  Therefore, Defendant's Motion in Limine 4 (Filing No. 34) is **GRANTED**.

5. Defendant's Motion in Limine 5 seeks to exclude testimony regarding settlement or compromise, as well as Plaintiff's desire to settle rather than proceed to trial.  Plaintiff does not object.  Therefore, Defendant's Motion in Limine 5 (Filing No. 34) is **GRANTED**.

6. Defendant's Motion in Limine 6 seeks to exclude evidence or testimony not previously disclosed by Plaintiff and requested by Defendant.  Plaintiff does not object.  Therefore, Defendant's Motion in Limine 6 (Filing No. 34) is **GRANTED**.

7. Defendant's Motion in Limine 7 seeks to exclude testimony from lay witnesses concerning the reasonableness of the actions of the parties.  Plaintiff objects and argues that lay witnesses should be able to opine on the reasonableness of certain actions as long as the testimony does not run afoul of Federal Rule of Evidence 701.  *See* Fed. R. Evid. 701 (a lay witness may only offer opinion testimony when that testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge").  The court agrees.  Defendant fails to apply this rule to a specific witness, so it is unclear how, or if, any of Plaintiff's witnesses violate Rule 701.  Therefore, Defendant's Motion in Limine 7 (Filing No. 34) is **DENIED**.

8. Defendant's Motion in Limine 8 seeks to exclude argument and evidence regarding alleged statutory violations.  Plaintiff states he has no intention of arguing that Defendant was negligent due to statutory violations.  However, Plaintiff argues he should be able to testify that, for example, he felt there was inadequate lighting by the restroom

door or he was confused by the signage near the restroom.  The court agrees.  Whether Plaintiff's testimony reveals facts that might amount to statutory or ordinance violations is immaterial as the jury will not have statutes or ordinances before them.  Therefore, Defendant's Motion in Limine 8 (Filing No. 34) is **GRANTED IN PART**.

9. Defendant's Motion in Limine 9 seeks to exclude any reference to the filing of its motions in limine or the court's rulings thereon.  Plaintiff does not object.  Therefore, Defendant's Motion in Limine 9 (Filing No. 34) is **GRANTED**.

**SO ORDERED** this 27th day of January 2016.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.